IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN EDWARD PARKER,
    Petitioner,

vs.                                    Case No.: 3:10cv424/MCR/EMT

EDWIN G. BUSS,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    Petitioner commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1).  He subsequently filed an amended petition and paid the filing fee (Docs. 6, 11).  Respondent filed a motion to dismiss the petition as an unauthorized successive petition (Doc. 15).  Petitioner filed a response in opposition to the motion (Doc. 17).

    This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the petition should be dismissed as an unauthorized second or successive petition.

I.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY

    Following a jury trial in the Circuit Court in and for Escambia County, Florida, Petitioner was convicted of robbery with a deadly weapon and trespass of an occupied structure or conveyance (Doc. 6 at 1–2; *see also* Doc. 15, Ex. B).  On November 6, 2002, he was sentenced as a prison releasee reoffender to life imprisonment on the robbery count and time served on the trespass count (Doc. 6 at 1; Doc. 15, Ex. B).  Petitioner did not appeal the judgment (Doc. 6 at 2).

    Respondent contends, and Petitioner acknowledges, that Petitioner previously filed a § 2254 petition in this court challenging the validity of his conviction and sentence (Doc. 15 at 1–2, Ex. C; Doc. 6 at 3).  The records of this court confirm that Petitioner previously filed a federal habeas

petition in this court. *See* Parker v. McDonough, 3:05cv243/MCR/MD, Doc. 1, Petition (N.D. Fla. July 1, 2005). In that petition, Petitioner challenged the same conviction which he now challenges. *See id.* The State filed a motion to dismiss the petition as untimely and submitted portions of the state court record in support of its motion. *See id.*, Doc. 26, Motion to Dismiss (N.D. Fla. Mar. 1, 2006). Following a Report and Recommendation, the petition in Case No. 3:05cv243/MCR/MD was dismissed on May 24, 2006, as untimely (*see* Doc. 15, Exs. C, D). *See id.*, Doc. 30, Report and Recommendation (N.D. Fla. May 8, 2006); Doc. 32, Order (N.D. Fla. May 24, 2006); Doc. 33, Judgment (N.D. Fla. May 24, 2006). Petitioner appealed the decision to the Eleventh Circuit Court of Appeals. *See id.*, Doc. 34, Notice of Appeal (N.D. Fla. July 3, 2006); Doc. 35, Application for Certificate of Appealability (N.D. Fla. July 3, 2006). The Eleventh Circuit dismissed the appeal on August 21, 2006 for lack of jurisdiction. *See id.*, Doc. 43, Order.

In the instant habeas petition, Petitioner again challenges his 2002 conviction and life sentence, asserting four claims of alleged constitutional errors that occurred at trial (Doc. 6).

II.     ANALYSIS

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997). The instant petition challenges the legality of the same state court judgment that was the subject of the first § 2254 action filed by Petitioner in 2005, Case No. 3:05cv243/MCR/MD. Furthermore, Petitioner's 2005 petition qualified as a first petition for the purpose of determining successor status because the court dismissed it with prejudice as untimely.[1] *See* Villanueva v. United States, 346 F.3d

---

[1] Some types of collateral challenges do not render subsequent habeas petitions "second or successive." *See* McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. Martinez-Villareal, 523 U.S. 637, 643–44, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay

55, 59–61 (2d Cir. 2003) (habeas petition or § 2255 motion that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (a prior untimely petition counts as a first petition because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims). Therefore, the instant petition is second or successive. Additionally, Petitioner does not allege that he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing this petition. This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the instant petition. *See* 28 U.S.C. § 2244(b)(3)(A); Fugate v. Dep't of Corrections, 310 F.3d 1287, 1288 (11th Cir. 2002). For this reason, this case should be dismissed for lack of jurisdiction.

III. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.  That Respondent's motion to dismiss (Doc. 15) be **GRANTED**.

---

required filing fees not counted as first petition for purpose of determining successor status).

Case No.: 3:10cv424/MCR/EMT

2. That this habeas action be **DISMISSED** for lack of jurisdiction.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 28<u>th</u> day of June 2011.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).